Tom J. Ferber
tferber@pryorcashman.com
Jacob B. Radcliff
jradcliff@pryorcashman.com
Stephanie R. Kline
skline@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
(212) 421-4100

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGAR RICE BURROUGHS, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>DYNAMIC FORCES ENTERTAINMENT, INC., DYNAMITE ENTERTAINMENT and SAVAGE TALES ENTERTAINMENT, LLC,<br><br>Defendants. | No. 12 CV 1192 (PAC) (HBP)<br><br>**ANSWER** |

Defendants Dynamic Forces, Inc. ("Dynamic," incorrectly named as "Dynamic Forces Entertainment, Inc." and "Dynamite Entertainment") and Savage Tales Entertainment, LLC (collectively, "Defendants"), by their counsel Pryor Cashman LLP, as and for their answer to the Complaint in this action dated February 16, 2012 (the "Complaint"), state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except deny the allegations that Defendants have released a series of comic books bearing marks identical or confusingly similar to Plaintiff's marks, and deny that Defendants have engaged in any action constituting trademark infringement or unfair competition under the Lanham Act or the laws of the State of New York.

2. Deny the allegations in paragraph 2 of the Complaint, except to deny knowledge or information sufficient to form a belief as to whether the referenced literary works are still protected by copyright in certain foreign jurisdictions.

3. Admit that the Complaint purports to bring an action as alleged in paragraph 3 of the Complaint, and deny the substance of those allegations.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, except to admit that this Court has personal jurisdiction over Defendant Dynamic Forces, Inc. (incorrectly named as "Dynamic Forces Entertainment, Inc." and "Dynamite Entertainment") and Savage Tales Entertainment LLC.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Deny the allegations in paragraph 8 of the Complaint, and state that Dynamic Forces, Inc. is incorporated in New Jersey, has a principal place of business at 155 East 9th Avenue, Suite B, Runnemede, New Jersey, 08078, and that Nick Barucci is the President and CEO of that entity.

9. Deny the allegations in paragraph 9 of the Complaint, and state that Dynamite Entertainment is an imprint of Dynamic Forces, Inc.

10. Admit the allegations in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, except to deny that ERB's use of Burroughs' characters, and their names and images, has been continuous or exclusive. Annexed hereto as Exhibit A are screenshots of other works published by third parties incorporating Burroughs' characters and stories.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except to admit that the U.S. copyright protection for the TARZAN stories published before January 1, 1924 has expired.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, except to respectfully refer the Court to a true copy of *A Princess of Mars* for the content thereof.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, except to admit that the copyright protection for works first published before January 1, 1924 has lapsed.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50. Admit the allegations in paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, except to respectfully refer the Court to a true copy of *The Warlord of Mars* for the content thereof.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

64. Deny the allegations in paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Deny the allegations in paragraph 68 of the Complaint, except to admit that Dynamic Forces, Inc. and Savage Tales Entertainment LLC share the same business address and are in the business of publishing and distributing comic books and comic book series.

69. Deny the allegations in paragraph 69 of the Complaint, except to admit that Nick Barucci owns, operates and controls Dynamic Forces, Inc. and Savage Tales Entertaiment LLC.

70. Admit the allegations in paragraph 70 of the Complaint, as they pertain to Defendant Dynamic (incorrectly named as "Dynamic Forces Entertainment, Inc." and "Dynamite Entertainment") and Savage Tales Entertainment LLC.

71. Admit the allegations in paragraph 71 of the Complaint.

72. Deny the allegations in paragraph 72 of the Complaint, except admit that Defendants did not obtain a license from ERB.

73. Deny the allegations in paragraph 73 of the Complaint, except to admit that Dynamic issued a press release on or about July 19, 2010, and to respectfully refer the Court to the text of that announcement for the content thereof.

74. Deny the allegations in paragraph 74 of the Complaint, except to admit that Dynamic issued a press release on or about July 19, 2010, and to respectfully refer the Court to the text of that announcement for the content thereof.

75. Deny the allegations in paragraph 75 of the Complaint, except to admit that Dynamic issued a series of comic books called "Warlord of Mars" under the Dynamite Entertainment imprint.

76. Admit the allegations in paragraph 76 of the Complaint.

77. Deny the allegations in paragraph 77 of the Complaint, except to admit that the "Warlord of Mars" series is based on elements from Burroughs' novel *Princess of Mars*.

78.     Admit the allegations in paragraph 78 of the Complaint, except to deny that 16 additional issues of the Warlord of Mars series have been published.

79.     Deny the allegations in paragraph 79 of the Complaint, except to admit that Dynamic made an announcement in or around December 2010, and to respectfully refer the Court to the text of that announcement for the content thereof.

80.     Deny the allegations in paragraph 80 of the Complaint, except to admit that Dynamic, through the imprint Dynamite Entertainment, issued a series of comic books called "Warlord of Mars: Dejah Thoris."

81.     Admit the allegations in paragraph 81 of the Complaint.

82.     Admit the allegations in paragraph 82 of the Complaint.

83.     Deny the allegations in paragraph 83 of the Complaint.

84.     Deny the allegations in paragraph 84 of the Complaint, except to respectfully refer the Court to true and correct copies of the comic books in the "Warlord of Mars: Dejah Thoris" series for the content thereof.

85.     Admit the allegations in paragraph 85 of the Complaint, and state that the depiction of the Dejah Thoris character on the "Risque Nude" covers is consistent with the Burroughs novels.

86.     Deny the allegations in paragraph 86 of the Complaint, except to respectfully refer the Court to the announcement Defendant Dynamic made through the imprint Dynamite Entertainment in April of 2011 for the content thereof.

87.     Deny the allegations in paragraph 87 of the Complaint, except to admit that Dynamic, through the imprint Dynamite Entertainment, issued a series of comic books called "Warlord of Mars: Fall of Barsoom."

88.     Admit the allegations in paragraph 88 of the Complaint.

89. Admit the allegations in paragraph 89 of the Complaint.

90. Deny the allegations in paragraph 90 of the Complaint, except to admit that Dynamic, through the imprint Dynamite Entertainment, announced on or around January 17, 2012 that it intended to create a series of comic books called "Dejah Thoris and the White Apes of Mars," and respectfully refer the Court to that announcement for the content thereof.

91. Deny the allegations in paragraph 91 of the Complaint, except to admit that Exhibit F to the Complaint is from the Dynamite website and to respectfully refere the Court thereto for the content thereof.

92. Admit the allegations in paragraph 92 of the Complaint.

93. Deny the allegations in paragraph 93 of the Complaint, except to admit that Exhibits C through E to the Complaint reflect the covers and inside covers of individual works of the referenced series, to respectfully refer the Court to the covers of every issue in the "Warlord of Mars," "Warlord of Mars: Dejah Thoris," Warlord of Mars: Fall of Barsoom" and "Dejah Thoris and the White Apes of Mars" series for the content thereof.

94. Deny the allegations in paragraph 94 of the Complaint, except to admit that Exhibits C through E to the Complaint reflect the covers and inside covers of individual works of the referenced series, and to respectfully refer the Court to the inside covers of every issue in the "Warlord of Mars," "Warlord of Mars: Dejah Thoris," Warlord of Mars: Fall of Barsoom" and "Dejah Thoris and the White Apes of Mars" series for the content thereof.

95. Deny the allegations in paragraph 95 of the Complaint, except to admit that Exhibits C through E to the Complaint reflect the covers and inside covers of individual works of the referenced series, and to respectfully refer the Court to the inside covers of every issue in the "Warlord of Mars," "Warlord of Mars: Dejah Thoris," Warlord of Mars: Fall of Barsoom" and "Dejah Thoris and the White Apes of Mars" series for the content thereof.

96. Admit the allegations in paragraph 96 of the Complaint.

97. Admit the allegations in paragraph 97 of the Complaint, except to deny knowledge or information sufficient to form a belief as to any assertion as to the availability of copyright protection in the United Kingdom.

98. Admit the allegations in paragraph 98 of the Complaint, and to deny that any such authorization is required.

99. Deny the allegations in paragraph 99 of the Complaint, and to allege that U.S. copyright in the Burroughs work *John Carter Warlord of Mars* has expired, as have the copyrights in certain related works.

100. Deny the allegations in paragraph 100 of the Complaint.

101. Deny the allegations in paragraph 101 of the Complaint.

102. Deny the allegations in paragraph 102 of the Complaint.

103. Deny knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 103 of the Complaint.

104. Deny the allegations in paragraph 104 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the status of copyright protection in the United Kingdom for Burroughs' works.

105. Deny the allegations in paragraph 105 of the Complaint.

106. Deny the allegations in paragraph 106 of the Complaint, except respectfully refer the Court to the announcement Dynamic made through the imprint Dynamite Entertainment on or about September 21, 2011 for the content thereof.

107. Deny the allegations in paragraph 107 of the Complaint, except to respectfully refer the Court to the announcement Dynamic made through the imprint Dynamite Entertainment on or about September 21, 2011 for the content thereof.

108. Admit the allegations in paragraph 108 of the Complaint.

109. Deny the allegations in paragraph 109 of the Complaint, except admit that Dynamite Entertainment's "Lord of the Jungle" series is based in part on the Burroughs novel *Tarzan of the Apes*.

110. Deny the allegations in paragraph 110 of the Complaint, except to admit that Exhibit G to the Complaint is a copy of the first issue of the "Lord of the Jungle" series and respectfully refer the Court thereto for the content thereof.

111. Deny the allegations in paragraph 111 of the Complaint, except to admit that Exhibit G to the Complaint is a copy of the first issue of the "Lord of the Jungle" series and respectfully refer the Court thereto for the content thereof.

112. Admit the allegations in paragraph 112 of the Complaint.

113. Deny the allegations in paragraph 113 of the Complaint, except deny knowledge or information sufficient to form a belief as to any assertion as to the availability of copyright protection in the United Kingdom.

114. Admit the allegations in paragraph 114 of the Complaint, and deny that any such authorization is required.

115. Deny the allegations in paragraph 115 of the Complaint, and allege that the U.S. copyright in the Burroughs work *Tarzan of the Apes* has expired, as have the copyrights in certain related works.

116. Deny the allegations in paragraph 116 of the Complaint.

117. Deny knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 117 of the Complaint.

118. Deny the allegations in paragraph 118 of the Complaint, except deny knowledge or information sufficient to form a belief as to any assertion as to the availability of copyright protection in the "foreign jurisdictions" alleged or in the United Kingdom.

119. In response to the allegations in paragraph 119 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

120. Deny the allegations in paragraph 120 of the Complaint.

121. Deny the allegations in paragraph 121 of the Complaint.

122. Deny the allegations in paragraph 122 of the Complaint.

123. Deny the allegations in paragraph 123 of the Complaint.

124. Deny the allegations in paragraph 124 of the Complaint.

125. Deny the allegations in paragraph 125 of the Complaint.

126. In response to the allegations in paragraph 126 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

127. Deny the allegations in paragraph 127 of the Complaint.

128. Deny the allegations in paragraph 128 of the Complaint.

129. Deny the allegations in paragraph 129 of the Complaint.

130. Deny the allegations in paragraph 130 of the Complaint.

131. Deny the allegations in paragraph 131 of the Complaint.

132. In response to the allegations in paragraph 132 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

133. Deny the allegations in paragraph 133 of the Complaint.

134. Deny the allegations in paragraph 134 of the Complaint.

135. Deny the allegations in paragraph 135 of the Complaint.

136. Deny the allegations in paragraph 136 of the Complaint.

137. Deny the allegations in paragraph 137 of the Complaint.

138. In response to the allegations in paragraph 138 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

139. Deny the allegations in paragraph 139 of the Complaint.

140. Deny the allegations in paragraph 140 of the Complaint.

141. Deny the allegations in paragraph 141 of the Complaint.

142. Deny the allegations in paragraph 142 of the Complaint.

143. Deny the allegations in paragraph 143 of the Complaint.

144. Deny the allegations in paragraph 144 of the Complaint.

145. In response to the allegations in paragraph 145 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

146. Deny the allegations in paragraph 146 of the Complaint.

147. Deny the allegations in paragraph 147 of the Complaint.

148. Deny the allegations in paragraph 148 of the Complaint.

149. Deny the allegations in paragraph 149 of the Complaint.

150. Deny the allegations in paragraph 150 of the Complaint.

151. In response to the allegations in paragraph 151 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

152. Deny the allegations in paragraph 152 of the Complaint.

153. Deny the allegations in paragraph 153 of the Complaint.

154. Deny the allegations in paragraph 154 of the Complaint.

155. Deny the allegations in paragraph 155 of the Complaint.

156. Deny the allegations in paragraph 156 of the Complaint.

157. Deny the allegations in paragraph 157 of the Complaint.

158. Deny the allegations in paragraph 158 of the Complaint.

159. Deny the allegations in paragraph 159 of the Complaint.

160. In response to the allegations in paragraph 160 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

161. Deny the allegations in paragraph 161 of the Complaint.

162. In response to the allegations in paragraph 162 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

163. Deny the allegations in paragraph 163 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegation that the ERB Marks are famous and well-known marks in the United States.

164. Deny the allegations in paragraph 164 of the Complaint.

165. Deny the allegations in paragraph 165 of the Complaint.

166. Deny the allegations in paragraph 166 of the Complaint.

167. Deny the allegations in paragraph 167 of the Complaint.

168. In response to the allegations in paragraph 168 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

169. Deny the allegations in paragraph 169 of the Complaint.

170. Deny the allegations in paragraph 170 of the Complaint, except deny knowledge or information sufficient to form a belief as to the copyright protection available under United Kingdom law.

171. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint.

172. Deny the allegations in paragraph 172 of the Complaint.

173. Deny the allegations in paragraph 173 of the Complaint.

174. Deny the allegations in paragraph 174 of the Complaint.

175. In response to the allegations in paragraph 175 of the Complaint, Defendants repeat and reallege their responses in paragraphs 1 through 118 as if fully set forth herein.

176. Deny the allegations in paragraph 176 of the Complaint, except deny knowledge or information sufficient to form a belief as to the copyright protection available under United Kingdom law.

177. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Complaint.

178. Deny the allegations in paragraph 178 of the Complaint.

179. Deny the allegations in paragraph 179 of the Complaint.

180. Deny the allegations in paragraph 180 of the Complaint.

181. Deny the allegations in paragraph 181 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

182. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

183. Plaintiff's first through eighth claims are barred because the Defendants' works which are the subject of such claims are themselves based upon works of Edgar Rice Burroughs that are no longer subject to copyright protection in the United States. These claims represent an improper attempt to use trademark law to interfere with Defendants' right to create new works based on characters and elements of stories which are in the public domain.

**THIRD AFFIRMATIVE DEFENSE**

184. Plaintiff cannot establish secondary meaning in its alleged trademarks derived from the characters, plotlines, titles or other aspects of the novels of Edgar Rice Burroughs which no longer enjoy U.S. Copyright protection, since Plaintiff is not the sole and exclusive

source of materials bearing such alleged marks. There are numerous examples of Burroughs' novels, and other works inspired by Burroughs' novels bearing such alleged marks or similar marks, which have been published by third parties without any reference to Plaintiff. (Copies of covers and inside covers of such works are annexed hereto as Exhibit A.) Works unaffiliated with Plaintiff that are based on public domain Princess of Mars and John Carter books include the republication of "The Gods of Mars," "A Princess of Mars," "John Carter of Mars," "The Warlord of Mars," a compilation of several of these titles as "The First Barsoom Omnibus," and another compilation title the "Mars Trilogy." Derivative works inspired by the public domain Princess of Mars / John Carter series characters include works such as "Under the Moons of Mars: New Adventures of Barsoom" (a compilation of fourteen Burroughs-inspired stories), "Johna: The Shadow Lord of Mars – The Death of Barsoom, Book 2" and "A Guide to Barsoom: The Definitive Guide to the Mars of Edgar Rice Burroughs." In addition, Burroughs' public domain novel "Tarzan of the Apes" has been republished by numerous publishers without any attribution to Plaintiff, and the basic story of a jungle-dwelling, Tarzan-like character has appeared in literature and film without any affiliation to Plaintiff. *See* Exhibit B (covers of republished "Tarzan of the Apes," a novel called "Savage Tales of Ki-Gor, Lord of the Jungle," and "Kaanga: Jungle Stories," a novel featuring a cover drawing of a loincloth-wearing muscleman swinging on a vine about to rescue a woman from an attacking lion).

**FOURTH AFFIRMATIVE DEFENSE**

185. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

186. Plaintiff's claims are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

187. Plaintiff's claims are barred by the applicable statutes of limitations.

WHEREFORE, Defendants respectfully request that the Court:

a) Dismiss the Complaint with prejudice, and award judgment to the Defendants;

b) Pursuant to 15 U.S.C. § 1117(a), award Defendants their reasonable attorneys fees incurred in having to defend this action; and

c) For all such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 29, 2012

PRYOR CASHMAN LLP

By: ______________________

Tom J. Ferber
tferber@pryorcashman.com
Jacob B. Radcliff
jradcliff@pryorcashman.com
Stephanie R. Kline
skline@pryorcashman.com
7 Times Square
New York, New York 10036
(212) 421-4100

*Attorneys for Defendants*