Roger L. Zissu
David Donahue
Jason D. Jones
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
(212) 813-5900
rzissu@fzlz.com
ddonahue@fzlz.com
jjones@fzlz.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**



EDGAR RICE BURROUGHS, INC.

Plaintiff

-against-

Civil Action No. 12-CIV-1192 (PAC)

DYNAMIC FORCES, INC. and SAVAGE TALES
ENTERTAINMENT, LLC.

Defendants.

## FIRST AMENDED COMPLAINT

Plaintiff, Edgar Rice Burroughs, Inc., by its attorneys, Fross Zelnick Lehrman & Zissu,

P.C., for its first amended complaint against Defendants Dynamic Forces, Inc. and Savage Tales

Entertainment, LLC, alleges as follows:

### NATURE OF THE ACTION

1.   Plaintiff is the owner of all existing copyright and trademark rights in and relating to the

literary works of the famous author Edgar Rice Burroughs, including the celebrated TARZAN

stories and TARZAN character, and the classic science-fiction story and characters of JOHN

CARTER OF MARS.  For decades, Plaintiff has used or licensed use as trademarks, *inter alia*,

the character names from Mr. Burroughs' stories, including without limitation, the marks

TARZAN, TARZAN LORD OF THE JUNGLE, JOHN CARTER, JOHN CARTER OF MARS, and JOHN CARTER WARLORD OF MARS on and in connection with a wide variety of goods, including comic books.  Decades after Plaintiff began using and licensing the use of these marks, and decades after Plaintiff built up and obtained an enormous reputation and goodwill in these marks, Defendants without Plaintiff's authorization have released a series of comic books bearing identical or confusingly similar marks—namely, LORD OF THE JUNGLE, WARLORD OF MARS, WARLORD OF MARS: DEJAH THORIS, and WARLORD OF MARS:  FALL OF BARSOOM—as well as released a calendar bearing the mark WARLORD OF MARS.  Such actions by Defendants constitute trademark infringement and unfair competition under the U.S. Trademark Act, also known as the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related New York law.

2.   Defendants' comic book series discussed herein are also indisputably and admittedly (and without Plaintiff's authorization) based on and substantially copy original and protectable material elements from certain of Mr. Burroughs' original works of authorship, including *Tarzan of the Apes* and *A Princess of Mars*.  Because these literary works of Mr. Burroughs are still protected under copyright in certain foreign jurisdictions, including the United Kingdom, France and the Netherlands, any distribution by Defendants of their comic book series in such jurisdictions without Plaintiff's approval constitutes copyright infringement under the governing copyright laws of these jurisdictions.

3.   Accordingly, Plaintiff brings this action for trademark infringement and unfair competition under Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); trademark infringement and unfair competition under the common law of New York; deceptive trade practices under N.Y. Gen. Bus. Law § 349; dilution under N.Y. Gen. Bus. Law §

360-1; and copyright infringement under the laws of the United Kingdom, France, and the Netherlands.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1332 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331, 1332 and 1338.  The amount in controversy, without interests and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.  In addition, this Court has supplemental jurisdiction over state and common law claims, as well as the foreign copyright infringement claims, pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over the Defendants under N.Y. C.P.L.R. § 302(a) because they jointly sell and/or distribute the infringing comic book series and calendar described herein within this State and district in comic book stores, as well as through on-line sales from their website.

6.     Venue is proper in this district under § 1391(a) and (b) of the Judicial Code, 28 U.S.C. §1391(a)-(b), because a substantial portion of the events at issue have arisen in this judicial district.

## PARTIES

7.     Plaintiff, Edgar Rice Burroughs, Inc. ("ERB"), is a family-owned corporation organized and existing under the laws of the State of California, having its principal place of business at 18354 Ventura Blvd, Tarzana, California 91357.

8.     Upon information and belief, Defendant Dynamic Forces, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 155 East 9th Avenue, Suite B, Runnemede, New Jersey 08078.

9.    Upon information and belief, Defendant Dynamic Forces, Inc. (hereinafter "Dynamite") publishes comic books and other related merchandise under an imprint entitled Dynamite Entertainment and does business under that name, among others.

10.    Upon information and belief, Defendant Savage Tales Entertainment, LLC (hereinafter "Savage Tales Entertainment"), is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 155 East 9th Avenue, Suite B, Runnemede, New Jersey 08078.  Upon information and belief, Mr. Nick Barrucci, a citizen of the State of New Jersey, is the only member of Savage Tales Entertainment.

11.    Upon information and belief, Mr. Nick Barrucci is the President and Chief Executive Officer of both Dynamite and Savage Tales Entertainment.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Background:  Edgar Rice Burroughs and ERB**

12.    Edgar Rice Burroughs ("Mr. Burroughs") became one of the most popular authors in the world in the twentieth century as the creator of the now famous TARZAN and JOHN CARTER OF MARS stories and characters, among many other well-known fictional works.

13.    ERB is a family-owned California corporation that Mr. Burroughs founded in 1923 to conduct the business of licensing rights relating to his literary creations.

14.    Upon establishing ERB in 1923, Mr. Burroughs assigned to ERB all of his rights in his TARZAN series, JOHN CARTER OF MARS series, and other stories written since his first literary work, *Under the Moons of Mars*, was published in 1912.

15.    Since Mr. Burroughs' death in 1950, ERB has primarily been owned by Mr. Burroughs' descendants, either directly or through family trusts.

16.   ERB currently is primarily owned by Mr. Burroughs' grandchildren and great-grandchildren.

17.   The business of ERB since its inception in 1923 has been the licensing of the creations of Mr. Burroughs.  At all times it has been ERB's practice and policy to own or control all copyright and trademark rights relating to the many licensed original and derivative works based upon Mr. Burroughs' stories and characters, including the celebrated character TARZAN, as well as his science-fiction heroes, including JOHN CARTER OF MARS.  This control has emanated not only from ERB's copyright ownership of the original stories, but also from the exclusive trademark rights arising from ERB's long, continuous and exclusive use of Mr. Burroughs' famous characters, including their names and images, on or in connection with goods and services in interstate commerce.

**B.     The TARZAN Series and the TARZAN Trademarks**

   **a.)   *The TARZAN Series***

18.   Mr. Burroughs introduced the character of TARZAN in his original TARZAN story *Tarzan of the Apes,* which was first published in the United States in *The All Story* magazine in September 1912.  That issue of *The All Story* magazine was also simultaneously published and sold in the United Kingdom in September 1912.

19.   *Tarzan of the Apes* was a worldwide success.  The TARZAN character proved so popular that Mr. Burroughs and ERB followed up with twenty-three sequel novels over the next five decades, including but not limited to *Tarzan, Lord of the Jungle* (collectively, the "TARZAN Series").

20.    The works in the TARZAN Series are original works of authorship and, thus, were eligible for copyright protection in the United States and other countries, including the United Kingdom, France, and the Netherlands.

21.    Mr. Burroughs and ERB have at all times owned all existing copyrights in the TARZAN Series in the United States and other countries.  While the U.S. copyright protection for the TARZAN stories published before January 1, 1924 has expired, the works published after that date—no fewer than sixteen of the books in the TARZAN Series, including *Tarzan, Lord of he Jungle*—are still protected under U.S. copyright.

22.    In foreign jurisdictions such as the United Kingdom, France, and the Netherlands, all countries in the European Union and other members of the Berne Convention for the Protection of Literary and Artistic Works that have extended copyright protection to the life of the author plus seventy years after death, all twenty four works in the TARZAN Series remain protected by copyright, either because they were published simultaneously in the United States and the United Kingdom (in the case of the TARZAN stories published before 1924), because U.S. copyright still exists for the works (the TARZAN stories published in 1924 or later), or because they are separately protected under domestic copyright statutes or treaties with the United States.

23.    ERB has taken successful legal actions in both France and the Netherlands to vindicate its continuing copyright rights outside the United States with respect to the original *Tarzan of the Apes* story based on the work's simultaneous publication in both the United States and the United Kingdom.

### b.)   *The TARZAN Trademark*

24.   The TARZAN Series has been the subject of two serial radio programs, more than fifty theatrical motion pictures, numerous comic strips and comic books, multiple television series, live-stage productions and an extensive variety of other licensing by ERB.

25.   ERB, either itself or through a licensee, has used the trademark TARZAN (the "TARZAN Mark") on a variety of goods and services over the last five decades alone, including but not limited to, hard copy books, comic books, newspaper comic strips, television series, motion pictures, Broadway plays, action figures, sound recordings, video recordings, slot machines, toys, and video games.

26.   Included among such TARZAN works are Walt Disney's extremely successful 1999 animated feature motion picture, titled *Tarzan*, as well as Disney's Tony-Award-nominated musical, titled *Tarzan: The Broadway Musical*, which, in addition to successful runs on Broadway from May 2006 to July 2007 and in the Netherlands from April 2007 to May 2009, has been performed in Germany since October 2008.

27.   Mr. Burroughs' TARZAN character and Disney's *Tarzan* movie and musical have spawned a wide range of TARZAN-related merchandise offered under the TARZAN Mark, including, without limitation, action figures, plush toys, rubber and plastic character toys, pop-up toys, talking toys, punching toys, bath toys, water-squirting toys, wind-up toys, toy water globes, play sets, board games, card games, role playing games, action skill games, toy weapons, toy archery sets, puzzles, computer/video games, costumes, drawing books, toy watches, balloons, hobbycraft kits, Christmas tree ornaments, punch balls and party favors.

28.     Through ERB's promotion and use of the TARZAN Mark over many decades, the TARZAN Mark has become famous and represents enormous goodwill for ERB.  As such, ERB has acquired strong trademark rights in the TARZAN Mark.

29.     ERB also owns numerous U.S. trademark registrations for the TARZAN Mark covering a wide range of goods and services, including without limitation, U.S. Trademark Registration No. 0,799,908 for the TARZAN Mark for "paperback books, hardbound books, comic books, and newspaper cartoons" in International Class 16 (the "TARZAN Registration"). The TARZAN Registration, which was obtained in 1965, has become incontestable and constitutes conclusive evidence of ERB's exclusive right to use the TARZAN Mark in connection with the goods identified in the registration under Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  A true and correct printout of the TARZAN Registration is attached as **Exhibit A**.

### c.)     *The TARZAN LORD OF THE JUNGLE Trademark*

30.     In addition to the rights ERB owns in the TARZAN Mark and the TARZAN Registration, ERB also owns common law rights in the mark TARZAN LORD OF THE JUNGLE (the "TARZAN LORD OF THE JUNGLE Mark").

31.     The novel *Tarzan, Lord of the Jungle* was the eleventh in Mr. Burroughs' TARZAN Series.  It was published in magazine serialization in 1927 and 1928 in the United States and appeared in book form in a hardcover edition in 1928.  ERB owns the copyright in this work, which will endure through 2023 in the United States and through 2020 in the United Kingdom, France and the Netherlands.

32.     *Tarzan, Lord of the Jungle* was a great success.  The novel has been printed and sold continuously since 1927.

33.     In addition, ERB for decades has reinforced the connection between the name "Tarzan" and the phrase "Lord of the Jungle"—using and licensing past use of the mark TARZAN LORD OF THE JUNGLE in interstate commerce on a wide variety of products, including comic books, animated television series, and video games, and current use on slot machines.

34.     Because of ERB's efforts, the consuming public recognizes the phrase "Lord of the Jungle" when used on or in connection with such kinds of products as being closely related to and/or synonymous with the name TARZAN.

35.     Through ERB's efforts, consumers of such kinds of merchandise have come to recognize the words "Tarzan, Lord of the Jungle" as identifying a single source—ERB.

36.     The words "Tarzan, Lord of the Jungle" have acquired secondary meaning in the minds of such consumers.

37.     Through ERB's promotion and use of the TARZAN LORD OF THE JUNGLE Mark over several decades, the TARZAN LORD OF THE JUNGLE Mark has become famous and represents enormous goodwill for ERB.

38.     ERB has thereby acquired strong common law trademark rights in the TARZAN LORD OF THE JUNGLE Mark.

**C.     The JOHN CARTER OF MARS Series and Trademarks**

       **a.) *The JOHN CARTER OF MARS Series***

39.     Mr. Burroughs introduced the JOHN CARTER character in his first published literary work, *Under the Moons of Mars*, the first installment of which appeared in 1912.  *Under the Moons of Mars*, renamed *A Princess of Mars*, was published in book form as a complete novel in 1917.

40.    *A Princess of Mars* is set on a fictionalized version of the planet Mars, known to its inhabitants as "Barsoom." Its main character, John Carter, is a Civil War soldier from Virginia who, upon his apparent death on Earth, is transported to Mars, where he becomes an immortal warrior that defends the planet's inhabitants, including a Martian Princess named Dejah Thoris.

41.    Mr. Burroughs and ERB followed *A Princess of Mars* with ten sequel novels, including without limitation, *The Warlord of Mars* and *John Carter of Mars* (collectively, the "JOHN CARTER OF MARS Series").

42.    The works in the JOHN CARTER OF MARS Series were original works of authorship and, thus, eligible for copyright protection in the United States and other countries, including the United Kingdom, France, and the Netherlands. Mr. Burroughs and ERB have at all times owned all existing copyrights in the JOHN CARTER OF MARS Series in the U.S. and other countries. While the U.S. copyright protection for the stories published before January 1, 1924 has expired, the works published after that date—six of the eleven books in the JOHN CARTER OF MARS Series, including *John Carter of Mars*—are still protected under U.S. copyright.

43.    In foreign jurisdictions such as the United Kingdom, France, and the Netherlands, all countries in the European Union and other members of the Berne Convention for the Protection of Literary and Artistic Works that have extended protection to the life of the author plus seventy years, all eleven works in the JOHN CARTER OF MARS Series remain protected by copyright, either because they were published simultaneously in the U.S. and the U.K., because U.S. copyright still exists for the works, or because they are separately protected under domestic copyright statutes or treaties with the United States.

**b.)**   _**The JOHN CARTER Trademarks**_

44.   The JOHN CARTER OF MARS Series is Mr. Burroughs' second-most-successful series, and has been the subject of extensive licensing by ERB.

45.   For decades, ERB has been in the business of developing and exploiting, directly and by license, the fictional world of the JOHN CARTER OF MARS Series, including the JOHN CARTER, JOHN CARTER OF MARS, and JOHN CARTER WARLORD OF MARS marks (collectively, the "JOHN CARTER Marks"), in a wide variety of media.

46.   The JOHN CARTER Marks have appeared on numerous comic book series over seven decades, including several Big Little Books in the 1930s and 1940s, a _John Carter of Mars_ comic book series in the 1950s, a _John Carter, Warlord of Mars_ comic book series in the 1970s, and a _Tarzan/John Carter: Warlords of Mars_ comic book series in the 1990s.

47.   ERB has also in the past and recently licensed action figures and play sets that feature the JOHN CARTER Marks.

48.   Since at least as early as 2004 ERB has used the JOHN CARTER Marks in connection with the official JOHN CARTER OF MARS website, which is mirrored at the following web addresses: www.johncarterofmars.org, www.johncarterofmars.ca, www.princessofmars.org and www.barsoom.com.  The richly detailed website comprehensively chronicles the history of the JOHN CARTER character, works and products, provides information for those interested in researching the JOHN CARTER OF MARS Series, and includes a wide variety of information on related subjects.

49.   ERB has also recently licensed the use of the JOHN CARTER Marks in connection with motion pictures and related merchandise.

50.   In early August 2007, ERB and Walt Disney Pictures entered into option and rights agreements (with an effective date of February 2007) for production of films based on the JOHN CARTER OF MARS Series.  At the end of 2008, Disney exercised its option and commenced pre-production on the first live-action film based on the JOHN CARTER OF MARS Series (the "Disney JOHN CARTER Movie").

51.   The Disney JOHN CARTER Movie was released in the United States on March 9, 2012.

52.   In anticipation of the Disney JOHN CARTER Movie, on November 1, 2008, ERB entered into a license agreement with the well-respected toy company Triad Toys, Inc. ("Triad") for manufacture and sale of 12-inch JOHN CARTER OF MARS collectible action figures.  The JOHN CARTER OF MARS action figures can be purchased from Triad's website.

53.   Also in anticipation of the Disney JOHN CARTER Movie, in 2010 and 2011, ERB's licensee, Dark Horse Comics ("Dark Horse"), issued three comic book collections titled *John Carter of Mars: Warlord of Mars*, *John Carter of Mars: Weird Worlds*, and *John Carter of Mars: The Jesse Marsh Years*, which contain collections of older *John Carter*-titled comic book series from the 1950s and 1970s.

54.   In September 2011, pursuant to license with ERB, Marvel Comics announced the publication of a new comic book series to be titled "*John Carter: World of Mars*," which is a prequel to the JOHN CARTER OF MARS Series.  Marvel has since published four comic books in this series.

55.   Through ERB's promotion and use of the JOHN CARTER Marks over many decades, the JOHN CARTER Marks have become famous and represent enormous goodwill for ERB.

56.   ERB has thereby acquired strong trademark rights in the JOHN CARTER Marks.

57.   The JOHN CARTER Marks all share the common element JOHN CARTER, which serves to create a family of marks owned by ERB.  ERB advertises and promotes the JOHN CARTER Marks together in or as part of a family of marks, licensing and selling products under the JOHN CARTER Marks through the same channels of trade and at the same counters and advertising the products together.  ERB uses the JOHN CARTER Marks in such a way as to create common exposure and recognition of common ownership based on the common element JOHN CARTER that appears in or is a root of all the JOHN CARTER Marks.

58.   ERB owns U.S. Trademark Registration Nos. 4,094,217 and 4,135,994 for the mark JOHN CARTER OF MARS for "comic books" in International Class 16 and "fantasy character toys and collectable toy figures" in International Class 28, respectively (together the JOHN CARTER OF MARS Registrations").  These registrations have a priority date of August 24, 2007.  True and correct printouts of the JOHN CARTER OF MARS Registrations are attached as **Exhibit B**.

59.   ERB also owns pending federal trademark applications for the marks JOHN CARTER OF MARS (Application Serial No. 77/263,965) and JOHN CARTER (Application Serial No. 85/306,488) for a wide variety of goods and services.

60.   As a result of ERB's efforts over many decades, the consuming public recognizes the phrase "Warlord of Mars" when used on and in connection with such kinds of products as being closely related to and/or synonymous with the JOHN CARTER Marks.

61.   *The Warlord of Mars* was the title of the third novel in the JOHN CARTER OF MARS Series.  In this novel, John Carter must rescue Dejah Thoris, who has been kidnapped.   John Carter follows Dejah Thoris's kidnappers into the north polar regions of Mars where he discovers

more fantastic creatures and ancient Martian races. After he overcomes them in battle and rescues Dejah Thoris, he is proclaimed the "Warlord of Mars" by his allies.

62.    ERB has reinforced the association between the phrase "Warlord of Mars" and the JOHN CARTER Marks by using the mark JOHN CARTER WARLORD OF MARS in interstate commerce. For example, Marvel Comics, under license from ERB, published a comic book series titled *John Carter Warlord of Mars* from 1977-1979. In February 2011, Dark Horse (under license from ERB) reissued the twenty-eight issues of Marvel Comics' 1977-1979 *John Carter Warlord of Mars* series in one collection, which it titled *John Carter of Mars: Warlord of Mars*. Dark Horse, under license from ERB, also published a comic book series titled *Tarzan/John Carter: Warlords of Mars* in the 1990s. ERB has also in the past licensed JOHN CARTER WARLORD OF MARS action figures.

### c.)   *The DEJAH THORIS and BARSOOM Trademarks*

63.    ERB also owns common law trademark rights in the DEJAH THORIS mark and BARSOOM mark.

64.    The DEJAH THORIS and BARSOOM marks have been the subject of licensing by ERB in connection with a large variety of goods and services.

65.    ERB owns a federal intent-to-use trademark application for the mark DEJAH THORIS for a wide variety of toys and games in International Class 28 (Serial App. No. 77/606,205).

66.    The PTO issued a Notice of Allowance for this application on June 16, 2009. ERB intends to file its Statement of Use shortly for the DEJAH THORIS mark. Pursuant to 15 U.S.C. §§ 1051(b) and 1057(c), the registration, once issued, will have a priority date of January 3, 2008, the filing date of the application.

**D.      Defendants' Unlawful Activities**

67.   Upon information and belief, Dynamite and Savage Tales Entertainment are related business entities that share the same business address and are in the business of, *inter alia*, jointly publishing and distributing comic books, comic book series, and related merchandise such as calendars, including all of the infringing comic book series and the infringing calendar at issue, described below.

68.   Upon information and belief, Dynamite and Savage Tales Entertainment are both owned and/or operated by Nick Barrucci, who controls and approves all actions taken by them.

69.   Upon information and belief, in or around July 2007, Defendants through Barrucci began inquiring about the possibility of Defendants publishing comic book series based on the TARZAN and JOHN CARTER OF MARS Series under license from ERB.

70.   Upon information and belief, after speaking about such a license with Mr. Burrough's now-deceased grandson Danton Burroughs in July 2007, a business acquaintance of ERB informed Barrucci that ERB had already licensed publishing rights for comic books based on the TARZAN and JOHN CARTER OF MARS Series to Dark Horse.

71.   Notwithstanding being told that the publishing rights were already licensed to Dark Horse, Barrucci kept pushing ERB to allow Defendants to publish comic book series based on the TARZAN and JOHN CARTER OF MARS Series.  ERB never agreed.

**a.) *Defendants' Unauthorized WARLORD OF MARS Series and Calendar***

72.   Notwithstanding its knowledge that it did not have permission from ERB, in July 2010, Defendants announced that they were creating a new comic book series "based on" ERB's JOHN CARTER OF MARS Series.

73.   According to a July 19, 2010 Dynamite press release, this new series is "an enhancement to the classic story *Princess of Mars*" story and will "stay as true to the spirit of the original [JOHN CARTER OF MARS novels] as possible."

74.   Notwithstanding ERB's rights in the JOHN CARTER, JOHN CARTER OF MARS and JOHN CARTER WARLORD OF MARS Marks, Defendants chose to offer the new series under the title and mark WARLORD OF MARS.

75.   The first issue in Defendants' WARLORD OF MARS series was published in October 2010.

76.   Defendants' WARLORD OF MARS comic book series is based on—and substantially copies original and copyrightable material elements from—the first novel in the JOHN CARTER OF MARS Series, *A Princess of Mars*.

77.   Upon information and belief, since October 2010, there have been an additional twenty-one issues created for Defendants' WARLORD OF MARS series—all under the mark WARLORD OF MARS and all of which include, at the least, the character of JOHN CARTER and his adventures on the planet Mars.  A true and correct copy of a sample of a cover and inside cover of an issue from Defendants' WARLORD OF MARS comic book series is attached as **Exhibit C**.

78.   In December 2010, Defendants announced that they were creating a "spin off" series from their WARLORD OF MARS series, one that would feature Dejah Thoris as its main character and tell the story of Dejah Thoris before John Carter arrives on Mars.

79.   Notwithstanding ERB's rights in the JOHN CARTER Marks and the DEJAH THORIS Mark, Defendants chose to offer this new series under the title and mark WARLORD OF MARS: DEJAH THORIS.

80.     Upon information and belief, the first issue in the WARLORD OF MARS: DEJAH THORIS series was released in March 2011.

81.     Upon information and belief, there have been an additional sixteen issues created for Defendants' WARLORD OF MARS: DEJAH THORIS series.

82.     Some of the covers and comic panels inside Defendants' WARLORD OF MARS: DEJAH THORIS series border on (and in some cases are) pornographic.

83.     In each issue, Dejah Thoris appears with greatly exaggerated feminine features.  True and correct copies of a sampling of the covers, inside covers, and panels from Defendants' WARLORD OF MARS: DEJAH THORIS series are attached as **Exhibit D**.

84.     On some covers—covers which Defendants refer to as "Risque Nude" exclusive covers—Dejah Thoris appears topless and/or completely nude.

85.     In April 2011, Defendants announced that they were creating another prequel to the JOHN CARTER OF MARS Series, namely, a comic book series that would tell the story of the planet Barsoom 100,000 years before the time of John Carter's arrival.

86.     Notwithstanding ERB's rights in the JOHN CARTER Marks and the BARSOOM Mark, Defendants chose to offer this new series under the title and mark WARLORD OF MARS: FALL OF BARSOOM.

87.     Upon information and belief, the first issue in the WARLORD OF MARS: FALL OF BARSOOM series was released in July 2011.

88.     There were an additional four issues created for Defendants' WARLORD OF MARS: FALL OF BARSOOM series.  A true and correct copy of the cover and inside cover of an issue from Defendants' WARLORD OF MARS: FALL OF BARSOOM series is attached as **Exhibit E**.

89.   In late 2011, Defendants released a calendar titled "WARLORD OF MARS 2012 Calendar" (the "WARLORD OF MARS Calendar").  Upon information and belief, every month in the WARLORD OF MARS Calendar features an image of one of the covers from either the WARLORD OF MARS or WARLORD OF MARS: DEJAH THORIS comic book series.  A true and correct copy of the front cover of Defendants' WARLORD OF MARS Calendar is attached as **Exhibit F**.

90.   On January 17, 2012, Defendants announced they were creating a spin-off of the WARLORD OF MARS: DEJAH THORIS series that would tell the story of Dejah Thoris and her battle against killer white apes in an ancient city on Mars.

91.   Notwithstanding ERB's rights in the JOHN CARTER Marks and the DEJAH THORIS Mark, Defendants offer this new series under the title and mark DEJAH THORIS AND THE WHITE APES OF MARS.

92.   Upon information and belief, the first issue in the DEJAH THORIS AND THE WHITE APES OF MARS series was released in April 2012 and there have since been three additional issues created for the DEJAH THORIS AND THE WHITE APES OF MARS series.

93.   Upon information and belief, the cover of every issue in the DEJAH THORIS AND THE WHITE APES OF MARS series prominently states "FROM THE PAGES OF **WARLORD OF MARS**."  A true and correct copy of the front cover and inside cover of an issue from Defendants' DEJAH THORIS AND THE WHITE APES OF MARS series is attached as **Exhibit G**.

94.   In late 2011, Defendants announced they were creating a new series that would tell the story of  Lt. Gulliver Jones, another man from Earth who is mysteriously transported to Mars,

where he eventually teams up with John Carter and Dejah Thoris to do battle against a group of Martians called the Thither people.

95.   Defendants offer this new series under the title and mark WARRIORS OF MARS.

96.   In a November 9, 2011 press release, Defendants refer to the WARRIORS OF MARS series as "the newest hit-series in Dynamite's WARLORD OF MARS line of comics."

97.   Upon information and belief, the first issue in the WARRIORS OF MARS series was released in February 2012 and there have since been four additional issues created for the WARRIORS OF MARS series.

98.   Upon information and belief, the cover of every issue in the WARRIORS OF MARS series prominently states "FROM THE PAGES OF **WARLORD OF MARS**."  A true and correct copy of the front cover and inside cover of an issue from Defendants' WARRIORS OF MARS series is attached as **Exhibit H**.

99.   Upon information and belief, the cover of every issue in the WARLORD OF MARS, WARLORD OF MARS: DEJAH THORIS, WARLORD OF MARS: FALL OF BARSOOM, and DEJAH THORIS AND THE WHITE APES OF MARS series and the cover of the WARLORD OF MARS Calendar all feature a "TM" symbol next to the phrase WARLORD OF MARS. *See* **Exhibits C – G.**

100.   Upon information and belief, on the inside cover of every issue in the WARLORD OF MARS, WARLORD OF MARS: DEJAH THORIS, WARLORD OF MARS: FALL OF BARSOOM, DEJAH THORIS AND THE WHITE APES OF MARS, and WARRIORS OF MARS (collectively the "WARLORD OF MARS Series"), Defendants state: "Warlord of Mars is $^{TM}$ and © Savage Tales Entertainment, LLC.  All rights reserved." *See* **Exhibits C – E, G -H.**

101.   Upon information and belief, on the inside cover of each issue in the WARLORD OF MARS Series, Defendants state that it is "based on" or "inspired by" the "stories by Edgar Rice Burroughs." *See* **Exhibits C – E, G-H**.

102.   Upon information and belief, Defendants sell their WARLORD OF MARS Series and WARLORD OF MARS Calendar in New York and throughout the United States, both in comic book stores and on the Internet via their nationally-accessible website.

103.   Upon information and belief, Defendants, without ERB's approval, also sell their WARLORD OF MARS Series and WARLORD OF MARS Calendar in the United Kingdom, France, and the Netherlands, where all eleven novels in the JOHN CARTER OF MARS Series are still protected under the governing copyright law of these jurisdictions.  Defendants sell their WARLORD OF MARS Series and WARLORD OF MARS Calendar in these foreign jurisdictions in both comic book stores and on the Internet, including without limitation on *www.amazon.co.uk* (United Kingdom), *www.amazon.fr* (France), *www.bol.com* (Netherlands), and *www.pepcomic.nl* (Netherlands).

104.   ERB has not authorized or consented to Defendants' use of the WARLORD OF MARS mark.

105.   In using the mark WARLORD OF MARS—a mark that is confusingly similar to ERB's JOHN CARTER Marks—in connection with comic books series and calendars—goods that are identical to and/or highly related to goods and services offered by ERB or its licensees under the JOHN CARTER Marks—Defendants have acted in willful disregard of the laws protecting ERB's rights in its JOHN CARTER Marks and have undermined and are continuing to undermine the value of the JOHN CARTER Marks as an indicator of goods and activities that emanate from ERB.

106.    Defendants' addition of the terms DEJAH THORIS and FALL OF BARSOOM to its series titles only serve to heighten the likelihood of confusion caused by their use of the WARLORD OF MARS mark.

107.    Defendants' infringing acts are likely to deceive, mislead and confuse the public concerning the source or sponsorship of Defendants' WARLORD OF MARS Series and WARLORD OF MARS Calendar, leading consumers to mistakenly believe that Defendants' WARLORD OF MARS Series of comic book series and WARLORD OF MARS Calendar, including any newly added material therein, come from, or are otherwise sponsored by, affiliated with, or approved by ERB.

108.    The use by Defendants of marks confusingly similar to ERB's JOHN CARTER Marks unfairly and unlawfully wrests from ERB control over its trademarks and reputation. ERB has no control over the quality of Defendants' comic book series and calendar, including the nude and pornographic covers that feature the WARLORD OF MARS mark.  As a result, ERB's extremely valuable reputation may be permanently damaged.

109.    Defendants' WARLORD OF MARS Series consist of material that is copied and/or derived from and in material part substantially similar to the copyrightable components of the JOHN CARTER OF MARS Series in jurisdictions where such works are protected by copyright.

110.    In selling the WARLORD OF MARS Series in the United Kingdom, France, and the Netherlands—where all eleven works in the JOHN CARTER OF MARS Series are still protected under the governing copyright law—Defendants have knowingly and willfully infringed ERB exclusive rights under the copyright laws of these jurisdictions.  If Defendants sell their WARLORD OF MARS Series in other foreign jurisdictions where such works are still

protected under governing copyright law, they will knowingly and willfully infringe ERB's exclusive rights under the laws of such countries.

111.    The aforementioned infringing activities have caused and will continue to cause irreparable injury to ERB unless permanently enjoined by this Court.

**b.)    _Defendants' Unauthorized LORD OF THE JUNGLE Series_**

112.    On September 21, 2011, Defendants announced that they were planning to launch a new series of comic books based on Mr. Burroughs' TARZAN Series.

113.    Notwithstanding ERB's rights in the TARZAN and TARZAN LORD OF THE JUNGLE Marks, Defendants chose to offer this new series under the title and mark LORD OF THE JUNGLE.

114.    Upon information and belief, the first issue in Defendants' LORD OF THE JUNGLE series was published in January 2012.

115.    Upon information and belief, there have been an additional seven issues created for Defendants' LORD OF THE JUNGLE series.

116.    Defendants' LORD OF THE JUNGLE series is based on—and substantially copies original and copyrightable material elements from—_Tarzan of the Apes_.

117.    Upon information and belief, the cover of every issue in Defendants' LORD OF THE JUNGLE series features a "TM" symbol next to the phrase LORD OF THE JUNGLE.  A true and correct copy of the cover and inside cover of the first issue of Defendants' LORD OF THE JUNGLE series is attached as **Exhibit I.**

118.    Upon information and belief, on the inside cover of every issue in Defendants' LORD OF THE JUNGLE series, Defendants state: "Lord of the Jungle is ™ and © 2012 Savage Tales Entertainment, LLC.  All rights reserved." _See_ **Exhibit I.**

119.   Upon information and belief, on the inside cover of every issue in Defendants' LORD OF THE JUNGLE series states that it is "based on the stories by Edgar Rice Burroughs." *See* **Exhibit I.**

120.   Defendants sell their LORD OF THE JUNGLE series in New York and throughout the United States, both in comic book stores on the Internet via their nationally-accessible website.

121.   Upon information and belief, Defendants, without ERB's approval, also sell their LORD OF THE JUNGLE Series in the United Kingdom, France and the Netherlands, where all twenty four novels in the TARZAN Series are still protected under the governing copyright law of these jurisdictions.

122.   ERB has not authorized or consented to Defendants' use of the LORD OF THE JUNGLE Mark.

123.   In using the LORD OF THE JUNGLE Mark—which is synonymous with ERB's registered TARZAN Mark and virtually identical to ERB's TARZAN LORD OF THE JUNGLE Mark—in connection with a series of comic books—goods that are identical to and/or highly related to goods and services offered by ERB or its licensees under the TARZAN and TARZAN LORD OF THE JUNGLE Marks, Defendants have acted in willful disregard of the laws protecting ERB's rights in its trademarks and have undermined and are continuing to undermine the value of the TARZAN Mark and the TARZAN LORD OF THE JUNGLE Mark as an indicator of goods and activities that emanate from ERB.

124.   Defendants' infringing acts are likely to deceive, mislead and confuse the public concerning the source or sponsorship of these comic book series, leading consumers to mistakenly believe that Defendants' LORD OF THE JUNGLE comic book series, including all

newly added material therein, comes from, or is otherwise sponsored by, affiliated with, or approved by ERB.  Such infringing activities have caused and will continue to cause irreparable injury to ERB unless permanently enjoined by this Court.

125.    Defendants' LORD OF THE JUNGLE series consists of material that is copied and/or derived from and in material part substantially similar to the copyrightable components of the TARZAN Series in jurisdictions where such works are protected by copyright.

126.    In selling the LORD OF THE JUNGLE series in the United Kingdom, France and the Netherlands—where all twenty-four works in the TARZAN Series are still protected under copyright law—Defendants have knowingly and willfully infringed ERB's exclusive rights under the copyright laws of these jurisdictions.  If Defendants sell their LORD OF THE JUNGLE Series in other foreign jurisdictions where such works are still protected under governing copyright law, they will knowingly and willfully infringe ERB's exclusive rights under the laws of such countries.

### FIRST CLAIM FOR RELIEF:
### TRADEMARK INFRINGEMENT
### (TARZAN REGISTRATION)
### (15 U.S.C. § 1114(1))

127.    ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

128.    Defendants' use of the mark LORD OF THE JUNGLE, a trademark that is confusingly similar to ERB's registered TARZAN Mark, on and in connection with comic books, infringes ERB's exclusive rights in its registered TARZAN Mark, in that the public and the trade are likely to be confused or deceived into believing erroneously that Defendants' LORD OF THE JUNGLE series is published, offered, authorized, sponsored or guaranteed by, or otherwise connected with, ERB.

129.    Upon information and belief, Defendants had both actual and constructive notice of ERB's exclusive rights in the registered TARZAN Mark when they adopted the mark LORD OF

THE JUNGLE for use on their comic books series—goods that are identical to and/or highly related to goods offered by ERB under its registered TARZAN Mark.

130.   Accordingly, Defendants' acts are in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

131.   Upon information and belief, Defendants' infringement is willful and deliberate and done with an intent to misappropriate the benefit of ERB's goodwill.

132.   Defendants' conduct has caused and is causing immediate and irreparable injury to ERB and will continue to both damage ERB and deceive the public unless enjoined by this Court.

133.   ERB has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF:**
**FEDERAL UNFAIR COMPETITION**
**(TARZAN MARK)**
**(15 U.S.C. § 1125(a))**

134.   ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

135.   Defendants' use of the mark LORD OF THE JUNGLE, a mark that is confusingly similar to ERB's registered TARZAN Mark, on and in connection with comic books, constitutes false designation of origin and false representation with respect to the origin of Defendants' goods in that consumers are likely to believe erroneously that Defendants' LORD OF THE JUNGLE comic book series is published, offered, authorized, sponsored, endorsed, or guaranteed by, or otherwise connected with, ERB.

136.   Accordingly, Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

137.   Upon information and belief, Defendants' conduct is willful and deliberate and done with an intent to misappropriate the benefit of ERB's goodwill.

138.   Defendants' conduct has caused and is causing immediate and irreparable injury to ERB and will continue to both damage ERB and deceive the public unless enjoined by this Court.

139.   ERB has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF:
### FEDERAL UNFAIR COMPETITION
### (TARZAN LORD OF THE JUNGLE MARK)
### (15 U.S.C. § 1125(a))

140.   ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

141.   Defendants' use of the mark LORD OF THE JUNGLE—a mark that is confusingly similar to ERB's TARZAN LORD OF THE JUNGLE Mark—on and in connection with comic books, constitutes false designation of origin and false representation with respect to the origin of Defendants' goods in that consumers are likely to believe erroneously that Defendants' LORD OF THE JUNGLE comic book series is published, offered, authorized, sponsored, endorsed, or guaranteed by, or otherwise connected with, ERB.

142.   Accordingly, Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

143.   Upon information and belief, Defendants' conduct is willful and deliberate and done with an intent to misappropriate the benefit of ERB's goodwill.

144.   Defendants' conduct has caused and is causing immediate and irreparable injury to ERB and will continue to both damage ERB and deceive the public unless enjoined by this Court.

145.   ERB has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF:
### TRADEMARK INFRINGMENT
### (JOHN CARTER OF MARS REGISTRATIONS)
### (15 U.S.C. § 1114(1))

146.   ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

147.   Defendants' use of the mark WARLORD OF MARS, a trademark that is confusingly similar to ERB's registered JOHN CARTER OF MARS Mark, on and in connection with comic books and calendars, infringes ERB's exclusive rights in its registered JOHN CARTER OF MARS Mark, in that the public and the trade are likely to be confused or deceived into believing erroneously that Defendants' WARLORD OF MARS Series and WARLORD OF MARS Calendar are published, offered, authorized, sponsored or guaranteed by, or otherwise connected with, ERB.

148.   Upon information and belief, Defendants had both actual and constructive notice of ERB's exclusive rights in the registered JOHN CARTER OF MARS Mark when they adopted the mark WARLORD OF MARS for use on its comic books series and calendar—goods that are identical to and/or highly related to goods offered by ERB under its registered JOHN CARTER OF MARS Mark.

149.   Accordingly, Defendants' acts are in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

150.   Upon information and belief, Defendants' infringement is willful and deliberate and done with an intent to misappropriate the benefit of ERB's goodwill.

151.   Defendants' conduct has caused and is causing immediate and irreparable injury to ERB and will continue to both damage ERB and deceive the public unless enjoined by this Court.

152.   ERB has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF:**
**FEDERAL UNFAIR COMPETITION**
**(JOHN CARTER MARKS)**
**(15 U.S.C. § 1125(a))**

153.   ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

154.   Defendant's use of the mark WARLORD OF MARS—a mark that is confusingly similar to each of ERB's JOHN CARTER Marks both individually and collectively, on and in

connection with comic book series and calendars, constitutes false designation of origin and false representation with respect to the origin of Defendants' goods in that consumers are likely to believe erroneously that Defendants' WARLORD OF MARS Series and WARLORD OF MARS Calendar are published, offered, authorized, sponsored, endorsed, or guaranteed by, or otherwise connected with, ERB.

155.    Accordingly, Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

156.    Upon information and belief, Defendants' conduct is willful and deliberate and done with an intent to misappropriate the benefit of ERB's goodwill.

157.    Defendants' conduct has caused and is causing immediate and irreparable injury to ERB and will continue to both damage ERB and deceive the public unless enjoined by this Court.

158.    ERB has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF:**
**TRADEMARK INFRINGEMENT AND**
**UNFAIR COMPETITION UNDER**
**NEW YORK COMMON LAW**

159.    ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

160.    Defendants have appropriated ERB's TARZAN, TARZAN LORD OF THE JUNGLE, JOHN CARTER, JOHN CARTER OF MARS, and JOHN CARTER WARLORD OF MARS Marks (collectively hereinafter, the "ERB Marks") with full knowledge of ERB's prior rights in the marks and of the fame and success of ERB's goods sold under and bearing the ERB Marks.

161.    Defendants' use of trademarks that are identical to or confusingly similar to the ERB Marks is for the willful and calculated purpose of misappropriating and trading on ERB's goodwill and business reputation and for the willful and calculated purpose of causing confusion

and mistake and deceiving the public and the trade as to the nature and origin of Defendants' comic book series and calendar and their approval or sponsorship by or connection with ERB, in violation of ERB's rights under the common law of the state of New York.

162.    Upon information and belief, Defendants were on notice of ERB's exclusive rights in the ERB Marks before adopting marks that are identical to, or confusingly similar to, the ERB Marks for use on comic book series (and in the case of the WARLORD OF MARS mark, a calendar) that are identical to or highly related to goods and services offered by ERB under the ERB Marks.

163.    Defendants' use of marks that are identical to or confusingly similar to the ERB Marks is willful, in bad faith, with full knowledge of ERB's prior use of, exclusive rights in, and ownership of the ERB Marks, with full knowledge of the reputation and goodwill associated with the ERB Marks, and with full knowledge that Defendants have no right, license, or authority to use marks confusingly similar to the ERB Marks.

164.    By adopting marks identical to or confusingly similar to ERB's valuable and famous trademarks, Defendants have been unjustly enriched and ERB has been damaged.

165.    The aforesaid conduct of Defendants constitute common law trademark infringement and unfair competition under the laws of the State of New York.

166.    Defendants' conduct has caused and is causing immediate and irreparable injury to ERB and will continue to damage ERB and deceive the public unless enjoined by this Court.

167.    ERB has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF:
## DECEPTIVE TRADE PRACTICES UNDER
## NEW YORK LAW (N.Y. G.B.L. § 349)

168.    ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

169.    The public is likely to be damaged as a result of Defendants' acts set forth above, and by reason of those acts, Defendants are engaging in deceptive trade practices or acts in the

conduct of a business, trade, or commerce in violation of Section 349 of the New York General Business Law.

## EIGHTH CLAIM FOR RELIEF:
## DILUTION UNDER NEW YORK STATE LAW  (N.Y. G.B.L. § 360-l)

170.     ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

171.     The ERB Marks are famous and well-known marks in the United States.  The marks clearly are identified with ERB and its goods, and are immediately recognizable to consumers as signifying the goods of ERB exclusively.

172.     Defendants' unauthorized use of the marks LORD OF THE JUNGLE and WARLORD OF MARS is diluting, and is likely to continue diluting, ERB famous ERB Marks by blurring the distinctiveness thereof and is likely to injure and has injured ERB's business reputation in that the reputation of ERB has been removed from its control and any deficiencies or complaints about Defendants' products will redound to the harm of ERB in violation of § 360-l of the General Business Law of the State of New York.

173.     Defendants' adoption and commercial use of the marks LORD OF THE JUNGLE and WARLORD OF MARS for Defendants' comic book series (and in the case of the WARLORD OF MARS mark, a calendar) is likely to lessen the capacity of the ERB Marks to identify and distinguish ERB exclusively as the source of goods bearing or provided under the ERB Marks.

174.     The foregoing conduct is causing ERB irreparable injury.

175.     ERB has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF:
## COPYRIGHT INFRINGEMENT UNDER
## UNITED KINGDOM LAW
## (TARZAN SERIES)

176.     ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

177.     Without ERB's authorization or consent, Defendants' LORD OF THE JUNGLE comic book series contains material copied and/or derived from and in material part substantially similar to the copyrightable components of ERB's TARZAN Series.

178.     Upon information and belief, Defendants sell or intend to sell their LORD OF THE JUNGLE series in the United Kingdom—where all twenty four works in the TARZAN Series are still protected under the governing copyright law.

179.     Defendants have thereby infringed ERB's exclusive rights under the copyright law of the United Kingdom in the TARZAN Series, in violation of United Kingdom copyright law.

180.     Upon information and belief, Defendants' infringement of ERB's exclusive rights in the TARZAN Series in the United Kingdom has been knowing and willful, has been in purposeful disregard of the rights of ERB, and has enabled and will enable Defendants to profit illegally therefrom.

181.     Defendants conduct has caused irreparable injury to ERB and will continue to do so unless permanently enjoined by this Court.

182.     ERB has no adequate remedy at law.

### TENTH CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT UNDER
### NETHERLANDS LAW
### (TARZAN SERIES)

183.     ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

184.     Without ERB's authorization or consent, Defendants' LORD OF THE JUNGLE comic book series contains material copied and/or derived from and in material part substantially similar to the copyrightable components of ERB's TARZAN Series.

185.     Upon information and belief, Defendants sell their LORD OF THE JUNGLE series in the Netherlands—where all twenty four works in the TARZAN Series are still protected under the governing copyright law.

186.     Defendants have thereby infringed ERB's exclusive rights under the copyright law of the Netherlands in the TARZAN Series, in violation of Netherlands copyright law.

187.     Upon information and belief, Defendants' infringement of ERB's exclusive rights in the TARZAN Series in the Netherlands has been knowing and willful, has been in purposeful disregard of the rights of ERB, and has enabled and will enable Defendants to profit illegally therefrom.

188.     Defendants conduct has caused irreparable injury to ERB and will continue to do so unless permanently enjoined by this Court.

189.     ERB has no adequate remedy at law.

### ELEVENTH CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT UNDER
### FRENCH LAW
### (TARZAN SERIES)

190.     ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

191.     Without ERB's authorization or consent, Defendants' LORD OF THE JUNGLE comic book series contains material copied and/or derived from and in material part substantially similar to the copyrightable components of ERB's TARZAN Series.

192.     Upon information and belief, Defendants sell their LORD OF THE JUNGLE series in France—where all twenty four works in the TARZAN Series are still protected under the governing copyright law.[1]

---

[1] In the event ERB learns during discovery that Defendants are selling or have sold their LORD OF THE JUNGLE series in other countries where all twenty four works in the TARZAN Series are still protected by the governing copyright law, ERB will seek leave to amend its first amended complaint to add copyright infringement claims under the copyright laws of such additional countries.

193.     Defendants have thereby infringed ERB's exclusive rights under the copyright law of France in the TARZAN Series, in violation of French copyright law.

194.     Upon information and belief, Defendants' infringement of ERB's exclusive rights in the TARZAN Series in France has been knowing and willful, has been in purposeful disregard of the rights of ERB, and has enabled and will enable Defendants to profit illegally therefrom.

195.     Defendants conduct has caused irreparable injury to ERB and will continue to do so unless permanently enjoined by this Court.

196.     ERB has no adequate remedy at law.

**TWELFTH CLAIM FOR RELIEF:**
**COPYRIGHT INFRINGEMENT UNDER**
**UNITED KINGDOM LAW**
**(JOHN CARTER OF MARS SERIES)**

197.     ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

198.     Without ERB's authorization or consent, Defendants' WARLORD OF MARS Series of comic books contain material copied and/or derived from and in material part substantially similar to the copyrightable components of ERB's JOHN CARTER OF MARS Series.

199.     Upon information and belief, Defendants are selling their WARLORD OF MARS Series in the United Kingdom—where all eleven works in the JOHN CARTER OF MARS Series are still protected under the governing copyright law.

200.     Defendants have thereby infringed ERB's exclusive rights under the copyright law of the United Kingdom in the JOHN CARTER OF MARS Series, in violation of United Kingdom copyright law.

201.     Upon information and belief, Defendants' infringement of ERB's exclusive rights in the JOHN CARTER OF MARS Series in the United Kingdom has been knowing and willful,

has been in purposeful disregard of the rights of ERB, and has enabled and will enable Defendants to profit illegally therefrom.

202.     Defendants conduct has caused irreparable injury to ERB and will continue to do so unless permanently enjoined by this Court.

203.     ERB has no adequate remedy at law.

**THIRTEENTH CLAIM FOR RELIEF:**
**COPYRIGHT INFRINGEMENT UNDER**
**NETHERLANDS LAW**
**(JOHN CARTER OF MARS SERIES)**

204.     ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

205.     Without ERB's authorization or consent, Defendants' WARLORD OF MARS Series of comic books contain material copied and/or derived from and in material part substantially similar to the copyrightable components of ERB's JOHN CARTER OF MARS Series.

206.     Upon information and belief, Defendants are selling their WARLORD OF MARS Series in the Netherlands—where all eleven works in the JOHN CARTER OF MARS Series are still protected under the governing copyright law.

207.     Defendants have thereby infringed ERB's exclusive rights under the copyright law of the Netherlands in the JOHN CARTER OF MARS Series, in violation of Netherlands copyright law.

208.     Upon information and belief, Defendants' infringement of ERB's exclusive rights in the JOHN CARTER OF MARS Series in the Netherlands has been knowing and willful, has been in purposeful disregard of the rights of ERB, and has enabled and will enable Defendants to profit illegally therefrom.

209.     Defendants conduct has caused irreparable injury to ERB and will continue to do so unless permanently enjoined by this Court.

210.     ERB has no adequate remedy at law.

## FOURTEENTH CLAIM FOR RELIEF:
## COPYRIGHT INFRINGEMENT UNDER
## FRENCH LAW
## (JOHN CARTER OF MARS SERIES)

211.     ERB repeats and realleges paragraphs 1 through 126 above as if fully set forth herein.

212.     Without ERB's authorization or consent, Defendants' WARLORD OF MARS Series of comic books contain material copied and/or derived from and in material part substantially similar to the copyrightable components of ERB's JOHN CARTER OF MARS Series.

213.     Upon information and belief, Defendants are selling their WARLORD OF MARS Series in France—where all eleven works in the JOHN CARTER OF MARS Series are still protected under the governing copyright law.[2]

214.     Defendants have thereby infringed ERB's exclusive rights under the copyright law of France in the JOHN CARTER OF MARS Series, in violation of French copyright law.

215.     Upon information and belief, Defendants' infringement of ERB's exclusive rights in the JOHN CARTER OF MARS Series in France has been knowing and willful, has been in purposeful disregard of the rights of ERB, and has enabled and will enable Defendants to profit illegally therefrom.

216.     Defendants conduct has caused irreparable injury to ERB and will continue to do so unless permanently enjoined by this Court.

217.     ERB has no adequate remedy at law.

---

[2] In the event ERB learns during discovery that Defendants are selling or have sold their WARLORD OF MARS Series in other countries where all eleven works in the JOHN CARTER OF MARS Series are still protected by the governing copyright law, ERB will seek leave to amend its first amended complaint to add copyright infringement claims under the copyright laws of such additional countries.

**WHEREFORE,** ERB demands judgment as follows:

A.    That Defendants, their employees, agents, attorneys, representatives, successors and assigns, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Using the ERB Marks, in any manner or form, or any reproduction, variation or colorable imitation of the ERB Marks (including TARZAN, TARZAN LORD OF THE JUNGLE, JOHN CARTER, JOHN CARTER OF MARS, or JOHN CARTER WARLORD OF MARS), either alone or in combination with any other designation, on or in connection with the title of any comic book series or calendar, and otherwise from infringing or diluting ERB's names, trademarks or reputation;

(2)    Using, authorizing or aiding in any way any third party to use any false designation of origin or false description, or performing any act which can, or is likely to, mislead members of the public or the trade to believe that a product or service offered by Defendants is in any manner made by, associated or connected with ERB, or sponsored, approved or authorized by ERB;

(3)    Engaging in any other activity constituting unfair competition with ERB, or constituting an infringement of the ERB Marks, or of ERB's exclusive rights in, or to use or exploit exclusively, its ERB Marks;

(4)    Infringing the existing copyrights in ERB's TARZAN Series and JOHN CARTER OF MARS Series anywhere in the world where they remain in force, including without limitation by manufacturing, reproducing, importing, distributing, displaying, advertising, promoting, offering for sale or license, and/or selling Defendants' LORD OF THE JUNGLE, WARLORD OF MARS, WARLORD OF MARS: DEJAH THORIS, WARLORD OF MARS: FALL OF BARSOOM, WARRIORS OF MARS, and DEJAH THORIS AND THE WHITE APES OF MARS comic book series in the United Kingdom, France, and the Netherlands;

(5)     engaging in any other activity constituting or contributing to a copyright infringement in ERB's TARZAN Series or JOHN CARTER OF MARS Series; and

(6)     Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (5) above.

B.     That ERB be granted such other relief as the Court may deem appropriate to prevent the public and the trade from deriving the erroneous impression that any product or service manufactured, distributed, advertised, promoted, offered for sale or sold by Defendants is made, approved or authorized by ERB or related in any way to ERB.

C.     That Defendants be ordered, at their own expense, to recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate paragraph A(4) above, including all copies of any issue in Defendants' LORD OF THE JUNGLE, WARLORD OF MARS, WARLORD OF MARS: DEJAH THORIS, WARLORD OF MARS: FALL OF BARSOOM, WARRIORS OF MARS, or DEJAH THORIS AND THE WHITE APES OF MARS comic book series that are currently located in the United Kingdom, France or the Netherlands.

D.     That Defendants be directed to file with the Court and serve upon ERB's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

E.     That ERB be awarded such damages, trebled, as it has sustained or will sustain by reason of Defendants' trademark infringement, unfair competition, and deceptive trade practices, together with appropriate interest on such damages, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

F.     That Defendants be ordered to pay over to ERB all the profits, gains, savings and advantages realized by Defendants from its acts of trademark infringement, unfair competition, and deceptive trade practices, together with appropriate interest or enhancement as the Court finds to be just, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

G.      That ERB be awarded such damages as it has sustained or will sustain by reason of Defendants' copyright infringement pursuant to the applicable copyright laws of the United Kingdom, France, and the Netherlands.

H.      That Defendants be ordered to pay over to ERB all the profits, gains, savings and advantages realized by Defendants from its acts of copyright infringement pursuant to the applicable copyright laws of the United Kingdom, France, and the Netherlands.

I.      That Defendants be ordered to pay to ERB such exemplary damages as the Court finds appropriate.

J.      That Defendants be ordered to pay to ERB the costs and disbursements of this action.

K.      That Defendants be ordered to pay ERB's reasonable attorneys' fees.

L.      That ERB be granted such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       May 10, 2012

                        FROSS ZELNICK LEHRMAN & ZISSU, P.C.


                        By: _____
                            Roger L. Zissu (rzissu@fzlz.com)
                            David Donahue (ddonahue@fzlz.com)
                            Jason D. Jones (jjones@fzlz.com)
                            FROSS ZELNICK LEHRMAN &
                                ZISSU, P.C.
                            866 United Nations Plaza
                            New York, NY 10017
                            Tel: (212) 813-5900
                            Fax: (212) 813-5901

                            *Attorneys for Plaintiff*