```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3   ------------------------------------X
                                         :
 4   EDGER RICE BURROUGHS, INC.,         :
                                         :   12-CV-1192
 5                  Plaintiff,           :
                                         :   500 Pearl Street
 6             v.                        :   New York, New York
                                         :
 7   DYNAMIC FORCES ENTERTAINMENT, INC., :
     et al.,                             :
 8                                       :   June 28, 2012
                    Defendants.          :
 9   ------------------------------------X

10           TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
                 BEFORE THE HONORABLE PAUL A. CROTTY
11                  UNITED STATES DISTRICT JUDGE

12   APPEARANCES:

13   For the Plaintiff:         DAVID DONAHUE, ESQ.
                                Fross, Zelnick, Lehrman & Zissu
14                              866 United Nations Plaza
                                New York, New York 10004
15

16

17
     For the Defendant:         JACOB BOYD RADCLIFF, ESQ.
18                              Pryor Cashman LLP
                                7 Times Square
19                              New York, New York 10036

20

21

22   Court Transcriber:         SHARI RIEMER
                                TypeWrite Word Processing Service
23                              211 N. Milton Road
                                Saratoga Springs, New York  12866
24

25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

```
                                                             2
 1            MR. DONAHUE: Good afternoon, Your Honor.  David
 2   Donahue for plaintiff Edgar Rice Burroughs, Inc. with my
 3   colleague Jason Jones.
 4            THE COURT: Mr. Jones, Mr. Donahue, how are you?
 5            MR. DONAHUE: Very well, Your Honor.
 6            THE COURT: Please be seated.
 7            MR. RADCLIFF:  Good afternoon, Your Honor.  Jac
 8   Radcliff, Pryor Cashman for defendants Dynamic Forces, Inc. and
 9   Savage Tales Entertainment LLC.
10            THE COURT: How is everything at Pryor Cashman?
11            MR. RADCLIFF: Things are well.  Thank you.
12            Mr. Donahue or Mr. Jones, do you want to tell me a
13   little bit about this?  This is -- what's the status of the ERB
14   copyright?
15   (Mr. Donahue's microphone not working)
16            MR. DONAHUE: The copyright [inaudible] stories.  It's
17   a mixed bag.  For some of the works, some of the works at issue
18   in the case [inaudible] outside the U.S.  There are other
19   stories and Tarzan series [inaudible] series and [inaudible]
20   copyright in the U.S. [inaudible].
21            THE COURT: Can you identify what's protected and
22   what's not protected?
23            MR. DONAHUE: We can but I don't have the list in
24   front of me.  The stories -- there's no allegation in this case
25   that what defendants have done infringes copyright in the U.S.
```

```
 1  but it does infringe copyright [inaudible].
 2           THE COURT: France and Netherlands, right?
 3           MR. DONAHUE: But the case is primarily about
 4  trademarks in the United States.
 5           THE COURT: Can you elaborate a little bit on what the
 6  issue is here in the United States with regard to U.S. marks?
 7           MR. DONAHUE: Yes, Your Honor.  Our client has
 8  registered trademarks for Tarzan and also John [inaudible]. It
 9  is also licensed [inaudible] related marks such as Tarzan
10  [inaudible] of the Jungle [inaudible] United States including
11  [inaudible] series.  The defendants are [inaudible] called
12  [inaudible] and other similar names in relation to the John
13  Carter stories and Congo series called Lord of the Jungle in
14  relation to the Tarzan story.  In each case [inaudible]
15  trademark rights in these titles they're not just [inaudible].
16  We're talking about a full series of [inaudible] next to the
17  title and also [inaudible] trademark rights [inaudible].
18           Our position is that these trademarks are either the
19  same or using similar to trademarks that [inaudible] and that's
20  [inaudible].
21           THE COURT: Mr. Radcliff, what do you have to say?
22           MR. RADCLIFF: Well, Your Honor, this case is as I
23  believe the court has already surmised is about expired
24  copyrights, and what our position is is that what the
25  plaintiffs are attempting to do is to go outside the copyright
```

4

1  bargain.  As the court is aware, the bargain is once the
2  copyright term expires the plaintiffs can no longer claim the
3  benefit of the monopoly and the copyright reverts to the rest
4  of society to use in the public domain.
5           THE COURT: What about the trademark point?
6           MR. RADCLIFF: Well, the trademark point really
7  relates to -- trademark as opposed to copyright has no relation
8  to invention or discovery.  It has to do with a source
9  identifying mark.  Here the source identifying mark at issue is
10 exactly the same as the expired copyright.  I mean we're
11 talking about books that were written in the early 1900s for
12 which the copyright term has long expired.  John Carter of Mars
13 and the Tarzan series.  These are the works at issue that my
14 client has produced say from the pages of [inaudible] marks and
15 it's a John Carter comic book.
16          The only way for my client to identify the subject
17 matter of these comic books so that fans of the John Carter
18 public domain stories can know what they're reading comic books
19 about is to use those public domain copyright characters in the
20 titles of their work.  So they're simply trying to take an end
21 run around this.
22          The other reason that we think that this complaint is
23 ripe for a motion to dismiss under 12(c) is that under the
24 Rogers v. Grimaldi test there's a public interest in free
25 expression which definitely comes into play after the term of

1  copyright has expired that has to be balanced against consumer
2  confusion.  Here, based on simply the things that we've annexed
3  to the answer showing that these marks have -- these alleged
4  marks have been used by countless other sources in commerce all
5  over the world, there really is no likelihood of consumer
6  confusion at all, at least not to a source denoting function.
7           THE COURT:  Now, you've already answered, right, but
8  you want to move anyway to --
9           MR. RADCLIFF:  Well, Your Honor, actually on that
10 point what -- I did want to mention is that while we would like
11 -- we believe it is ripe for a motion to dismiss, the parties
12 have already -- the lawyers for the parties have already sat
13 down and spoken once and I think we're in agreement, I don't
14 want to speak for Mr. Donahue, but -- that we would really
15 appreciate it if we could be referred to a magistrate for a
16 settlement conference with the parties.  We're optimistic, or
17 at least we are, that if we could all sit in a room with the
18 parties relatively quickly we may be able to resolve this
19 without having to go to motion practice.
20          THE COURT:  Do you agree, Mr. Donahue?
21          MR. DONAHUE:  I wouldn't say we're optimistic but we
22 are certainly not opposed to going to --
23          THE COURT:  You're fortunate here because you have one
24 of the great magistrate judges, Judge Pitman, and -- who's been
25 assigned to this matter and I'm happy to refer it to Judge

                                                                    6

1   Pitman because I know if anybody can bring about a peaceful
2   resolution it would be Judge Pitman.  So how far -- what kind
3   of reference do you want, 45 days, 60 days?
4            MR. DONAHUE: 60 days would be fine with us.
5            THE COURT: It's the summer time.  So --
6            MR. DONAHUE: I was just thinking about vacation
7   schedules.
8            THE COURT: And judges take vacations too, you know.
9            MR. DONAHUE: Yes.
10           THE COURT: I want to share that with you.
11           MR. RADCLIFF: 60 days would also be fine with us,
12  Your Honor.
13           THE COURT: So that would be July and August and we'll
14  schedule something for early September for you to report back.
15  Of course if you're able to resolve it and you want a further
16  extension you can let me know but that will give me a control
17  date on this.
18           Marilyn, sometime during the week of September 10th.
19  You're on vacation then?
20           MR. DONAHUE: No, that would be great, Your Honor.
21           MR. RADCLIFF: That's fine, Your Honor.
22           MR. DONAHUE: A question.  Would we have a schedule in
23  place for initial disclosures and [inaudible] discovery or
24  [inaudible]?
25           THE COURT: Well, I know from talking to Judge Pitman,

7

1   and I really don't know what your attitude is, but I think it's
2   always better to have a little bit of discovery so you're aware
3   of what your position is and your adversary's position that
4   helps both of you be a little bit more reasonable but I leave
5   that up to you.
6          I'll sign the civil case management plan if you want
7   to have it or you can just agree on making preliminary
8   disclosures so that you have enough information so that you can
9   talk -- you can be reasonable when you talk about what the
10  approaches are to settlement.
11         MR. DONAHUE: Yes.  Your Honor, in the initial report
12  of [inaudible] pretrial conference [inaudible] dates
13  [inaudible] designated [inaudible] Your Honor's --
14         THE COURT: Let me ask you a question.  I had one
15  question.  Why do you need until November 21st to amend your
16  pleading?
17         MR. DONAHUE: Well, Your Honor, we're concerned there
18  might be -- there are two classes of [inaudible] parties
19  [inaudible] individual defendants who [inaudible] discovery
20  control the activity, [inaudible] activities of the defendants
21  and also potentially distributors to which -- through which the
22  defendants are selling their [inaudible] abroad and we thought
23  it might take a while to develop that inference.
24         THE COURT: Mr. Radcliff, do you object?
25         MR. RADCLIFF: Your Honor, I'd like to speak to the

1  discovery point simply from the perspective of the defendants
2  and based on the fact that we think that this case truly is
3  ripe for a motion on the pleadings as they've been submitted to
4  date, this is unlike other cases where there are a lot of facts
5  out there that the parties really need to learn before they
6  engage in settlement negotiations.  This is -- the publication
7  of these works is easy to discern and it's included in the
8  complaint, in the answer and the exhibits that are attached to
9  it.  Frankly, the expense of having to go through discovery is
10 going to weigh much more heavily on my client than on the
11 plaintiffs.  So just in terms of their relative size.
12         If it pleases the court, I would request that
13 discovery be stayed.  Brief initial disclosures are one thing
14 but to permit --
15         THE COURT: How much do you want, Mr. Donahue?
16         MR. DONAHUE: Document discovery [inaudible].
17         THE COURT: A full range of document discovery?  I
18 mean that doesn't make much sense.  If you wanted 26 -- Rule 26
19 disclosures I'd say well okay, I understand that but if you get
20 much more than that why do you want to go bother Judge Pitman
21 about it?
22         MR. DONAHUE: Well, we're -- for mediation I found
23 that having [inaudible] about the other side's [inaudible]
24 determining whether [inaudible].  I'm not speaking for either
25 party as to whether [inaudible] would be required under the

9

1  circumstances here but documents [inaudible].  Your Honor,
2  perhaps the parties should -- maybe we don't need to decide
3  this right now.
4          THE COURT: No.  You should meet and confer.  If you
5  wanted my reaction I'd say do the 26, Rule 26 preliminary
6  disclosures.  I wouldn't do much more than that.  I think
7  you're entitled to some limited form of discovery but you talk
8  with Mr. Radcliff.  See if you can work out your differences.
9          In the meantime I'll sign a reference to Magistrate
10 Judge Pitman.  60 days and we'll pick a date sometime during
11 the week of September 10th.
12         MR. DONAHUE: Thank you, Your Honor.
13         MR. RADCLIFF: Thank you, Your Honor.
14         MR. DONAHUE: I'm sorry we were a bit late.
15         THE COURT: That's okay.  I went across the street to
16 see the new -- the refurbished courthouse I should say.
17         MR. DONAHUE: How does it look?
18         THE COURT: It's beautiful.
19         MR. RADCLIFF: A long time coming.
20         THE COURT: You must have inside information, Mr.
21 Radcliff.  That's what everybody is saying.
22         MR. RADCLIFF: I've just been walking past those gates
23 for the past ten years.
24         THE COURT: Well, I was sworn in in 2005 and I left
25 the building in 2006 and they said you'll be back -- don't

10

1 worry about it, you'll be back in four years. Well, now it's
2 six and we're still counting but we hope to be back there by
3 the latter part of this year or early next year. So there will
4 be a lot of judges left in this building and there will be --
5 all the circuit court judges are moving over there to 40 Centre
6 Street and I think 10 or 12 district court judges. So it will
7 be nice to have -- we're kind of jammed in here.
8       I've signed a 60 day reference to Magistrate Judge
9 Pitman. Do we pick a date in September?
10       THE CLERK: Friday, September 14th at 12:45 p.m., Your
11 Honor.
12       THE COURT: How does that work for you, gentlemen?
13       MR. RADCLIFF: That's fine for the defendants.
14       THE COURT: If you have problems before that you can
15 let us know and we'll schedule a conference.
16       MR. RADCLIFF: Thank you, Your Honor.
17       * * * * *
18
19
20
21
22
23
24
25

```
                                                                  11
 1        I certify that the foregoing is a court transcript from an
 2   electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5                            _____
 6                                    Shari Riemer
 7   Dated:   July 13, 2012
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```