UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------X
                                     :
EDGER RICE BURROUGHS, INC.,          :
                                     :  12-CV-1192
                    Plaintiff,       :
                                     :  500 Pearl Street
               v.                    :  New York, New York
                                     :
DYNAMIC FORCES ENTERTAINMENT, INC.,  :
et al.,                              :
                                     :  June 28, 2012
                    Defendants.      :
-------------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
BEFORE THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: DAVID DONAHUE, ESQ.
Fross, Zelnick, Lehrman & Zissu
866 United Nations Plaza
New York, New York 10004

For the Defendant: JACOB BOYD RADCLIFF, ESQ.
Pryor Cashman LLP
7 Times Square
New York, New York 10036

Court Transcriber: SHARI RIEMER
TypeWrite Word Processing Service
211 N. Milton Road
Saratoga Springs, New York 12866

Proceedings recorded by electronic sound recording, transcript produced by transcription service

MR. DONAHUE: Good afternoon, Your Honor. David Donahue for plaintiff Edgar Rice Burroughs, Inc. with my colleague Jason Jones.

THE COURT: Mr. Jones, Mr. Donahue, how are you?

MR. DONAHUE: Very well, Your Honor.

THE COURT: Please be seated.

MR. RADCLIFF: Good afternoon, Your Honor. Jac Radcliff, Pryor Cashman for defendants Dynamic Forces, Inc. and Savage Tales Entertainment LLC.

THE COURT: How is everything at Pryor Cashman?

MR. RADCLIFF: Things are well. Thank you.

Mr. Donahue or Mr. Jones, do you want to tell me a little bit about this? This is -- what's the status of the ERB copyright?

(Mr. Donahue's microphone not working)

MR. DONAHUE: The copyright [inaudible] stories. It's a mixed bag. For some of the works, some of the works at issue in the case [inaudible] outside the U.S. There are other stories and Tarzan series [inaudible] series and [inaudible] copyright in the U.S. [inaudible].

THE COURT: Can you identify what's protected and what's not protected?

MR. DONAHUE: We can but I don't have the list in front of me. The stories -- there's no allegation in this case that what defendants have done infringes copyright in the U.S.

but it does infringe copyright [inaudible].

THE COURT: France and Netherlands, right?

MR. DONAHUE: But the case is primarily about trademarks in the United States.

THE COURT: Can you elaborate a little bit on what the issue is here in the United States with regard to U.S. marks?

MR. DONAHUE: Yes, Your Honor. Our client has registered trademarks for Tarzan and also John [inaudible]. It is also licensed [inaudible] related marks such as Tarzan [inaudible] of the Jungle [inaudible] United States including [inaudible] series. The defendants are [inaudible] called [inaudible] and other similar names in relation to the John Carter stories and Congo series called Lord of the Jungle in relation to the Tarzan story. In each case [inaudible] trademark rights in these titles they're not just [inaudible]. We're talking about a full series of [inaudible] next to the title and also [inaudible] trademark rights [inaudible].

Our position is that these trademarks are either the same or using similar to trademarks that [inaudible] and that's [inaudible].

THE COURT: Mr. Radcliff, what do you have to say?

MR. RADCLIFF: Well, Your Honor, this case is as I believe the court has already surmised is about expired copyrights, and what our position is is that what the plaintiffs are attempting to do is to go outside the copyright

bargain. As the court is aware, the bargain is once the copyright term expires the plaintiffs can no longer claim the benefit of the monopoly and the copyright reverts to the rest of society to use in the public domain.

THE COURT: What about the trademark point?

MR. RADCLIFF: Well, the trademark point really relates to -- trademark as opposed to copyright has no relation to invention or discovery. It has to do with a source identifying mark. Here the source identifying mark at issue is exactly the same as the expired copyright. I mean we're talking about books that were written in the early 1900s for which the copyright term has long expired. John Carter of Mars and the Tarzan series. These are the works at issue that my client has produced say from the pages of [inaudible] marks and it's a John Carter comic book.

The only way for my client to identify the subject matter of these comic books so that fans of the John Carter public domain stories can know what they're reading comic books about is to use those public domain copyright characters in the titles of their work. So they're simply trying to take an end run around this.

The other reason that we think that this complaint is ripe for a motion to dismiss under 12(c) is that under the Rogers v. Grimaldi test there's a public interest in free expression which definitely comes into play after the term of

copyright has expired that has to be balanced against consumer confusion. Here, based on simply the things that we've annexed to the answer showing that these marks have -- these alleged marks have been used by countless other sources in commerce all over the world, there really is no likelihood of consumer confusion at all, at least not to a source denoting function.

THE COURT: Now, you've already answered, right, but you want to move anyway to --

MR. RADCLIFF: Well, Your Honor, actually on that point what -- I did want to mention is that while we would like -- we believe it is ripe for a motion to dismiss, the parties have already -- the lawyers for the parties have already sat down and spoken once and I think we're in agreement, I don't want to speak for Mr. Donahue, but -- that we would really appreciate it if we could be referred to a magistrate for a settlement conference with the parties. We're optimistic, or at least we are, that if we could all sit in a room with the parties relatively quickly we may be able to resolve this without having to go to motion practice.

THE COURT: Do you agree, Mr. Donahue?

MR. DONAHUE: I wouldn't say we're optimistic but we are certainly not opposed to going to --

THE COURT: You're fortunate here because you have one of the great magistrate judges, Judge Pitman, and -- who's been assigned to this matter and I'm happy to refer it to Judge

Pitman because I know if anybody can bring about a peaceful resolution it would be Judge Pitman. So how far -- what kind of reference do you want, 45 days, 60 days?

MR. DONAHUE: 60 days would be fine with us.

THE COURT: It's the summer time. So --

MR. DONAHUE: I was just thinking about vacation schedules.

THE COURT: And judges take vacations too, you know.

MR. DONAHUE: Yes.

THE COURT: I want to share that with you.

MR. RADCLIFF: 60 days would also be fine with us, Your Honor.

THE COURT: So that would be July and August and we'll schedule something for early September for you to report back. Of course if you're able to resolve it and you want a further extension you can let me know but that will give me a control date on this.

Marilyn, sometime during the week of September 10th. You're on vacation then?

MR. DONAHUE: No, that would be great, Your Honor.

MR. RADCLIFF: That's fine, Your Honor.

MR. DONAHUE: A question. Would we have a schedule in place for initial disclosures and [inaudible] discovery or [inaudible]?

THE COURT: Well, I know from talking to Judge Pitman,

and I really don't know what your attitude is, but I think it's always better to have a little bit of discovery so you're aware of what your position is and your adversary's position that helps both of you be a little bit more reasonable but I leave that up to you.

I'll sign the civil case management plan if you want to have it or you can just agree on making preliminary disclosures so that you have enough information so that you can talk -- you can be reasonable when you talk about what the approaches are to settlement.

MR. DONAHUE: Yes. Your Honor, in the initial report of [inaudible] pretrial conference [inaudible] dates [inaudible] designated [inaudible] Your Honor's --

THE COURT: Let me ask you a question. I had one question. Why do you need until November 21st to amend your pleading?

MR. DONAHUE: Well, Your Honor, we're concerned there might be -- there are two classes of [inaudible] parties [inaudible] individual defendants who [inaudible] discovery control the activity, [inaudible] activities of the defendants and also potentially distributors to which -- through which the defendants are selling their [inaudible] abroad and we thought it might take a while to develop that inference.

THE COURT: Mr. Radcliff, do you object?

MR. RADCLIFF: Your Honor, I'd like to speak to the

discovery point simply from the perspective of the defendants and based on the fact that we think that this case truly is ripe for a motion on the pleadings as they've been submitted to date, this is unlike other cases where there are a lot of facts out there that the parties really need to learn before they engage in settlement negotiations. This is -- the publication of these works is easy to discern and it's included in the complaint, in the answer and the exhibits that are attached to it. Frankly, the expense of having to go through discovery is going to weigh much more heavily on my client than on the plaintiffs. So just in terms of their relative size.

If it pleases the court, I would request that discovery be stayed. Brief initial disclosures are one thing but to permit --

THE COURT: How much do you want, Mr. Donahue?

MR. DONAHUE: Document discovery [inaudible].

THE COURT: A full range of document discovery? I mean that doesn't make much sense. If you wanted 26 -- Rule 26 disclosures I'd say well okay, I understand that but if you get much more than that why do you want to go bother Judge Pitman about it?

MR. DONAHUE: Well, we're -- for mediation I found that having [inaudible] about the other side's [inaudible] determining whether [inaudible]. I'm not speaking for either party as to whether [inaudible] would be required under the

circumstances here but documents [inaudible]. Your Honor, perhaps the parties should -- maybe we don't need to decide this right now.

THE COURT: No. You should meet and confer. If you wanted my reaction I'd say do the 26, Rule 26 preliminary disclosures. I wouldn't do much more than that. I think you're entitled to some limited form of discovery but you talk with Mr. Radcliff. See if you can work out your differences.

In the meantime I'll sign a reference to Magistrate Judge Pitman. 60 days and we'll pick a date sometime during the week of September 10th.

MR. DONAHUE: Thank you, Your Honor.

MR. RADCLIFF: Thank you, Your Honor.

MR. DONAHUE: I'm sorry we were a bit late.

THE COURT: That's okay. I went across the street to see the new -- the refurbished courthouse I should say.

MR. DONAHUE: How does it look?

THE COURT: It's beautiful.

MR. RADCLIFF: A long time coming.

THE COURT: You must have inside information, Mr. Radcliff. That's what everybody is saying.

MR. RADCLIFF: I've just been walking past those gates for the past ten years.

THE COURT: Well, I was sworn in in 2005 and I left the building in 2006 and they said you'll be back -- don't

worry about it, you'll be back in four years. Well, now it's six and we're still counting but we hope to be back there by the latter part of this year or early next year. So there will be a lot of judges left in this building and there will be -- all the circuit court judges are moving over there to 40 Centre Street and I think 10 or 12 district court judges. So it will be nice to have -- we're kind of jammed in here.

I've signed a 60 day reference to Magistrate Judge Pitman. Do we pick a date in September?

THE CLERK: Friday, September 14th at 12:45 p.m., Your Honor.

THE COURT: How does that work for you, gentlemen?

MR. RADCLIFF: That's fine for the defendants.

THE COURT: If you have problems before that you can let us know and we'll schedule a conference.

MR. RADCLIFF: Thank you, Your Honor.

* * * * *

I certify that the foregoing is a court transcript from an electronic sound recording of the proceedings in the above-entitled matter.

Shari Riemer

Dated: July 13, 2012